# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

        -vs-                                      No. CR 01-0735 LH

MARIO ROMERO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on Defendant's Motion for Judgment of Acquittal or, in the Alternative, for New Trial (Docket No. 113), filed April 11, 2002. The Court, having reviewed the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion is not well taken and will be **denied**.

    Following a day-and-a-half trial, the jury found Defendant Romero guilty of conspiracy to distribute five or more grams of cocaine base on or about November 21, 2000, in violation of 21 U.S.C. § 846, as charged in Count 1 of the Superseding Indictment. The jury, however, acquitted Defendant of distributing five or more grams of cocaine base on or about November 21, 2000, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2, and using a telephone to facilitate the commission of the distribution of cocaine base, in violation of 21 U.S.C. § 843(b), as charged in Counts 2 and 3, respectively. Defendant now moves for a judgment of acquittal, pursuant to FED. R. CRIM. P. 29, or a new trial on grounds that the jury's verdict on the conspiracy charge is inconsistent and irreconcilable with its findings of not guilty on the other two charges. He argues that

given his acquittals on the telephone and distribution charges, there was insufficient evidence for a finding of guilt on the conspiracy charge.

It is well established "that [c]onsistency in verdicts is not necessary." *United States v. Jaynes*, 75 F.3d 1493, 1508 (10th Cir. 1996)(upholding conspiracy conviction despite defendant's acquittal of aiding and abetting substantive offenses)(citing *United States v. Powell*, 469 U.S. 57, 62-63 (1984); *Dunn v. United States*, 284 U.S. 390, 393 (1932)). "This rule has been explained 'as a recognition of the jury's historic function, in criminal trials, as a check against arbitrary or oppressive exercises of power by the Executive Branch.'" *Id.* at 1508-09 (quoting *Powell*, 469 U.S. at 65). Accordingly, any review of the sufficiency of the evidence as to Count 1 "would be independent of the jury's determination that evidence on [Counts 2 and/or 3] was insufficient." *Powell*, 469 U.S. at 67. Thus, even if the Court were to determine that the verdicts in this matter were inconsistent, which it declines to do, Defendant's Motion must be denied and the verdicts stand.

**IT IS HEREBY ORDERED** that the Defendant's Motion for Judgment of Acquittal or, in the Alternative, for New Trial (Docket No. 113), filed April 11, 2002, is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE