# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

        -vs-                              No. CR 01-0735 LH

MARIO ROMERO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for New Trial (Docket No. 136), filed August 16, 2002. The Court, having reviewed the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion is not well taken and will be **denied**.

Following a day-and-a-half trial, the jury found Defendant Romero guilty of conspiracy to distribute five or more grams of cocaine base on or about November 21, 2000, in violation of 21 U.S.C. § 846, as charged in Count 1 of the Superseding Indictment. The jury, however, acquitted Defendant of distributing five or more grams of cocaine base on or about November 21, 2000, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2, and using a telephone to facilitate the commission of the distribution of cocaine base, in violation of 21 U.S.C. § 843(b), as charged in Counts 2 and 3, respectively. Defendant now moves for a new trial on grounds of newly discovered evidence, pursuant to FED. R. CRIM. P. 33.

Defendant asserts that the only evidence presented at trial supporting his conviction on the charge of conspiracy was the allegation that he used his cell phone to make calls to his sister, Betty Zavala, to arrange a purchase of cocaine base on November 21, 2000. Defendant's counsel interviewed Ms. Zavala approximately three weeks prior to trial and she apparently indicated that she did not talk to Defendant about drugs and was not the source of the alleged drugs. Subsequently, the government indicated that law enforcement officers had purchased drugs from Ms. Zavala and that she was a suspect in other drug cases. Thereafter, defense counsel was unable to contact and confer with Ms. Zavala and he decided that it would be unwise to issue a subpoena for her appearance because her testimony was unknown and could be harmful to the defense.

Following Defendant's conviction, defense counsel again spoke to Ms. Zavala, who denied the allegations of her drug trafficking activities and unequivocally stated that Defendant had not discussed drug transactions with her at any time. She specifically denied that she had spoken with Defendant about any drug transactions on the day in question. Defendant contends that had Ms. Zavala's testimony been available at trial, the jury, which rendered, according to him, an inconsistent verdict,[1] would have had substantial exculpatory evidence to aid in its deliberations. Alternatively, Defendant suggests that if the Court finds the cited evidence is not "new," it should find that his counsel was ineffective.

Pursuant to Rule 33, on a defendant's motion the Court may grant a new trial if "the interests of justice so require." FED. R. CRIM. P. 33. The Court is afforded discretion in making its ruling, and may "weigh the evidence and assess witness credibility." *United States v. Quintanilla*, 193 F.3d

---

[1] The Court previously denied Defendant's Motion for Judgment of Acquittal or, in the Alternative, for New Trial without making any determination as to whether the verdicts in this matter were inconsistent.

1139, 1146 (10th Cir. 1999). Such a motion, however, is "regarded with disfavor and should only be granted with great caution." *Id.*

If made more than seven days after the verdict, discovery of newly discovered evidence is the only grounds on which a motion for a new trial may be granted. *Id.* The Court applies a five-part test in determining whether this evidence meets the" interest of justice" standard:

> (1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by h[is] own lack of diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

*Id.* at 1147.

Defendant fails to meet this standard. In the Motion he admits that he knew the details of Ms. Zavala's testimony well before trial and the substance of this testimony changed in no way after the verdict was rendered. Thus, the evidence was not newly discovered after trial. Additionally, as the government contends, Ms. Zavala's testimony is not necessarily material to Defendant's conviction of conspiracy to distribute drugs. The Jury did not need to find that Ms. Zavala supplied the drugs to Co-defendant Rios on the day in question, in order to find that Defendant conspired with him. Indeed, the drugs Rios obtained to distribute to the undercover law enforcement officer need not have come through the efforts of either Defendant or Ms. Zavala. Thus, the Court is unconvinced that at a new trial this testimony would probably produce an acquittal. The Court also concludes that defense counsel's decision not to call Ms. Zavala as a witness was a reasonable trial strategy that in no way requires a determination that counsel's representation of Defendant was ineffective. Furthermore, the Court is unaware of any other grounds to so find.

**IT IS HEREBY ORDERED** that the Defendant's Motion for New Trial (Docket No. 136), filed August 16, 2002, is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE